## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GLENN BELLE**                                    **CIVIL ACTION**

**VERSUS**                                          **NO: 09-2757**

**NEW ORLEANS PUBLIC BELT RAILROAD**      **SECTION: "C" (2)**
**COMMISSION**

## ORDER AND REASONS

Before the Court is a Motion for New Trial or, in the alternative, for Remittitur by

defendant New Orleans Public Belt Railroad ("NOPB"). (Rec. Doc. 46). Plaintiff Glenn Belle

("Belle") opposes. The motion is before the Court on the briefs without oral argument. Having

considered the memoranda of counsel, the record, and the applicable law, the Court DENIES

NOPB's Motion for New Trial and GRANTS NOPB's Motion for Remittitur for the following

reasons.

### I. Background

This case came before the Court on plaintiff's claims for injuries sustained while working

as a locomotive engineer for NOPB. Belle alleged that NOPB employees gave a negligent "car

count" resulting in an impact that injured Belle and caused career-ending cervical and lumbar

spine injuries.

A jury trial commenced on February 9, 2010, and on February 11, 2010, the jury was

instructed as to the applicable law under the Federal Employer's Liability Act ("FELA"), 45

U.S.C. § 51, *et seq*.  The relevant jury instructions are as follows:

> The Federal Railroad Administration has issued certain safety standards, which if breached by Defendants, result in a finding of negligence against the Defendants.  The plaintiff, Mr. Belle, specifically alleges that the defendant violated 49 C.F.R. §220.49.
>
> 49 C.F.R. § 220.49, entitled "Radio Communications Used in Shoving, Backing, or Pushing Movements" requires that:
>
>> When radio communication is used in connection with the shoving, backing or pushing of a train, locomotive, car, or on-track equipment, the employee directing the movement shall specify the distance of the movement, and the movement shall stop in one-half the remaining distance unless additional instructions are received. If the instructions are not understood, the movement shall be stopped immediately and may not be resumed until the misunderstanding has been resolved, radio contact has been restored, or communication has been achieved by hand signals or other procedures in accordance with the operating rules of the railroad.
>
> If you find that the Defendant violated § 220.49, then you must find that the Defendant was negligent.  If you make such a finding, however, you still must determine causation.  You can find the defendant liable only if that violation contributed to Mr. Belle's injuries.
>
> I also instruct you that if you find the Defendant violated this regulation, and that it caused, in whole or in part, the Plaintiff's injuries, then you must find the Defendant fully liable, regardless of any negligence on behalf of the Plaintiff.

(Rec. Doc. 42 at 5).

On February 11, 2010, the jury returned a verdict in favor of Belle in the amount of

$1,538,000.00.  In response to the Court's interrogatories, the jury found that NOPB's

negligence caused, in whole in part, Belle's injuries, and that at least part of that finding was

based on a violation of 49 C.F.R. 220.49 ("Section 220.49").  (Rec. Doc. 43 at 1).  The jury also

found that Belle was not negligent.  (Rec. Doc. 43 at 1).[1]  NOPB alleges the above quoted jury

---

[1]The jury interrogatory read as follows:
1.     a.  Do you find that New Orleans Public Belt Railroad was negligent and that its negligence caused, in whole or in part, injuries to Glenn Belle?
       Yes_____   No_____
If you answered "Yes" to Question 1a, proceed to Question 1b.  If you answered "No," sign the form and return it to the Judge.
       b.  Was part of your finding of negligence based on a the defendant violating 49 C.F.R. 220.49?
       Yes_____   No_____
2.     Do you find that plaintiff, Glenn Belle, was negligent and that his negligence caused, in whole or in part, his

instruction was legal error, and warrants a new trial.

In the alternative, NOPB argues that jury award was excessive, and requests remittitur.

## II.  Law and Analysis

### a.  Standard of Review

Under Federal Rule of Civil Procedure  59(a), a motion for new trial in a jury case may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Those grounds include verdicts which are against the weight of the evidence, verdicts that are too large or too small, newly discovered evidence, misconduct of counsel or the court or misconduct affecting the jury.  *Smith v. Transworld Drilling Co.*, 773 F.2d 610 (5th Cir.1985); C. Wright, A Miller & M. Kane, 11 *Federal Practice & Procedure*, § 2805, *et. seq.* (West 1995).

A new trial is required if the jury instructions, taken as a whole, give a misleading impression or inadequate understanding of the law.  *Bass v. International Brotherhood of Boilermakers*, 630 F.2d 1058, 1062 (5th Cir.1980). This includes a prejudicial, substantial error in rejecting a jury instruction.  *First Commonwealth Corp. v. Hibernia Nat'l Bank of New Orleans*, 891 F.Supp. 290, 296 (E.D.La.1995).  However, the Court has "considerable latitude" in fashioning jury instructions, and it is not required to give every correct instruction submitted by a party.  *Horton v. Buhrke*, 926 F.2d 456, 460 (5th Cir.1991).

### b.  Jury Instructions

---

injury?
Yes_____    No_____
As to questions 1(a) and 1(b) the jury checked "Yes" and as to question 2 the jury checked "No."  (Rec. Doc. 43).

NOPB argues that the Court's jury instructions were erroneous "because the Court's charge only allowed a finding of negligence *per se* against the defendant, leading the jury to believe that the plaintiff could not be found to have violated the regulation." (Rec. Doc. 46-1 at 5).

At trial, each side argued that the other violated Section 220.49: Belle argued that an NOPB employee gave a "bad car count," and NOPB argued that Belle failed to hear or respond to a proper car count.

NOPB therefore requested that the Court instruct the jury that if the plaintiff violated Section 220.49, NOPB would not be liable. The Court declined this request. NOPB suggests that without its requested instruction the Court's instructions may have lead the jury to believe that if Belle – an NOPB employee himself – violated Section 220.49, that error would be imputed to NOPB and would constitute grounds for the jury to issue a verdict in favor of the plaintiff. (Rec. Doc. 46-1 at 9).[2]

The Court cannot give credence to NOPB's argument. As a preliminary matter, the Court notes that it is well established that under FELA any alleged contributory negligence does not diminish recovery when there is a violation of a safety regulation, such as a Section 220.49, by an employer. 45 U.S.C.A. § 53 (West 2010); *Walden v. Illinois Central Gulf R.R.*, 975 F.2d 361, 364 (7th Cir. 1992); *Practico v. Portland Terminal Co.*, 783 F.2d 255, 267 (1st Cir. 1985). Only when the employee's negligence is the *sole* cause of the injury is it a defense. *Walden*, 975 F.2d at 364.

---

[2] NOPB reiterated this argument in its reply brief: "Because the jury instruction regarding the definition of a corporation included Mr. Belle, an employee of NOPB, it is simply not clear what the jury determined when it found that **Defendant** violated Section 220.49." (Rec. Doc. 50-2 at 3). "[T]he jury may not have understood who was encompassed by the definition of **Defendant**." (Rec. Doc. 50-3 at 3) (emphases in originals).

More directly, however, the Court simply cannot swallow the suggestion that a jury, called to observe two days of testimony and argument about a railroad accident pitting employee against railroad company, would consider a jury instruction regarding the railroad company's violation of a safety regulation to encompass that same plaintiff's own negligence. This is particularly true in light of the jury interrogatory that followed the questions about the railroad's negligence: "Do you find that plaintiff, Glenn Belle, was negligent and that his negligence caused, in whole or in part, his injury?" The jury answered in the negative. It is clear to the Court that the jury found that Belle did not violate Section 220.49, and that his injuries were caused by the negligence of *other* NOPB employees. The motion for new trial is DENIED.

c. *Remittitur*

As Judge Barbier recently explained,

The Fifth Circuit has endorsed two competing methods for evaluating the propriety of a jury award, the "maximum recovery rule," and what may be termed the "clearly excessive rule." Under the "maximum recovery rule," a court reviewing a jury verdict should remit damage awards that are found to be excessive to the maximum amount the jury could have awarded. *Salinas v. O'Neill*, 286 F.3d 827, 830 (5th Cir.2002). The maximum amount is determined by comparing the award under scrutiny to awards in other similar cases. A multiplier of 50% is then applied to arrive at the maximum recovery amount, and the jury award is remitted to that amount if necessary. *Id.*; *see also*, *Thomas v. Texas Dep't of Crim. Justice*, 297 F.3d 361, 369 n. 8 (5th Cir.2002). Under the "clearly excessive" rule, a "damage award may be overturned only upon a clear showing of excessiveness or upon a showing that the jury was influenced by passion or prejudice." *Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 183 (5th Cir.1995).

*Campbell v. England*, 2005 WL 1400465 at *2 (E.D.La. 2005), *rev'd on other grounds*, 234 Fed.Appx. 183 (5th Cir. 2007). At issue in this case is $770,000 in general damages awarded by

the jury.[3]  NOPB argues that the jury award is not in line with awards in cases in this jurisdiction or in Louisiana state courts for plaintiffs with comparable injuries.  (Rec. Doc. 46-1 at 9-15).

The Court agrees.  In this case, Belle underwent a one-level L5-S1 lumbar fusion.  His treating physician testified at trial "[m]ore likely than not, he will persist with some chronic back pain, maybe with some intermittent leg pains from time to time."  (Rec. Doc. 48-1 at 7). Although he cannot return to his former position as a locomotive engineer, he is able to work.

The cases cited by NOPB in support of its argument are well taken.  *See Jauch v. Nautical Services, Inc.*, 470 F.3d 207, 211 (5th Cir. 2006) ($250,000 in general damages after lumbar disc fusion surgery); *Averett v. Diamond Offshore Drilling Services, Inc.*, 980 F.Supp. 855 (E.D.La. 1997) ($175,000 in general damages after L-3, L4 fusion where plaintiff suffered sexual dysfunction and depression); *Nettles v. Ensco Marine Co.*, 980 F.Supp. 848 (E.D.La. 1997) ($150,000 in general damages after removal of L5-S1 herniated disc and resulting physical restrictions).  As noted by NOPB, cases in this jurisdiction with higher recoveries than $250,000 generally involve multiple surgeries or multi-level fusions or more limiting disabilities.  *See*, *e.g.*, *Broussard v. Stolt Offshore, Inc.*, 2007 WL 101041 (E.D.La. 2007) ($400,000 general damages award after three level lumbar fusion resulting in severe disability).

The lone case cited by Belle, *Cooper v. Lacorte*, 775 So.2d 704 (La. App. 2001), involved a two level lumbar fusion and a two level cervical fusion, as well as additional long term disability.  *Id.* at 705.  The Court finds the award in that case unpersuasive.  For injuries of the type suffered by Belle, a $250,000 general damages award represents a maximum recovery amount.

---

[3] Plaintiff's expert economist estimated his lost wages at $767,751.00.  Plaintiff's counsel, in closing requested that the jury double this loss to reach an award for pain and suffering, and it appears they did so.

Nonetheless, in deference to the jury's role as fact finder, the Court will apply the maximum recovery rule and its 50% multiplier for a remitted general damages award of $375,000.

Accordingly,

IT IS ORDERED that NOPB's Motion for a New Trial is DENIED. NOPB's Motion for Remittitur is GRANTED. The jury's award is reduced to $1,143,000.

New Orleans, Louisiana, this 17th day of May, 2010.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**